**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

March 6, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GENEVA I. BLANKENSHIP,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0765**  (BOR Appeal No. 2045160)
(Claim No. 2008015917)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GREENBRIER HOTEL CORPORATION**
**(FORMERLY CSX HOTELS, INC.),**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Geneva Blankenship, by Patrick Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier Hotel Corporation, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 6, 2011, in which the Board affirmed a September 20, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2009, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Blankenship was employed with the Greenbrier Hotel Corporation as a chambermaid when she was injured while making a bed on September 29, 2007. The Office of Judges found that Ms. Blankenship is no longer entitled to temporary total disability benefits because she reached maximum medical improvement on February 23, 2009. The Office of Judges further found that she is not entitled to temporary total disability benefits following her retirement because temporary total disability benefits are paid in lieu of wages. However, Ms. Blankenship is requesting temporary total disability benefits from September 30, 2008, which is the date payment of temporary total disability benefits stopped, until she reached maximum medical improvement on February 23, 2009.

Pursuant to West Virginia Code § 23-4-7a(e) (2005), payment of temporary total disability benefits must stop on the earliest date that a claimant a) reaches maximum medical improvement, b) is released to return to work, or c) actually returns to work. Ms. Blankenship was not found to be at maximum medical improvement until Dr. Mir's February 23, 2009, independent medical evaluation. On January 3, 2008, Dr. Landis found that she was not at maximum medical improvement, and on July 17, 2008, Dr. Bailey found that she still had not reached maximum medical improvement. Additionally, Ms. Blankenship's treating physician stated that as of January 19, 2009, she would be unable to return to her previous employment. Ms. Blankenship testified that she received temporary total disability benefits until September 29, 2008, at which time the claims administrator stopped payment.

Ms. Blankenship never returned to work following the compensable injury, and was never released to return to work. She retired in March of 2009 due to her compensable injuries, after reaching maximum medical improvement. The evidence of record indicates that Ms. Blankenship remained temporarily and totally disabled until reaching maximum medical improvement on February 23, 2009, and that because she retired after reaching maximum medical improvement, her retirement does not affect her ability to receive temporary total disability benefits because they terminated at the time she reached maximum medical improvement. Therefore, the decision of the Board of Review is reversed, and the case is remanded with the instruction to grant Ms. Blankenship temporary total disability benefits through February 23, 2009, when she reached maximum medical improvement, pursuant to West Virginia Code § 23-4-7a(e).

For the foregoing reasons, we find that the decision of the Board of Review is in clear violation of a statutory provision, and is also based upon a material mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed.

Reversed and remanded.

**ISSUED:  March 6, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis